IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

UNITED STATES OF AMERICA,    )
                             )
                Plaintiff,   )
                             )
     VS.                     )     CR 15-1032
                             )
RANDY JOE METCALF,           )
a/k/a RANDY JOE WEYKER       )
                             )
                Defendant.   )


APPEARANCES:

ATTORNEY ANTHONY RUSSELL MORFITT, of the U.S. Attorney's Office, 111 Seventh Avenue S.E., Box 1, Cedar Rapids, Iowa 52401,
AND
ATTORNEY CHRISTOPHER J. PERRAS, of the U.S. Department of Justice, 601 D Street NW, Room 5804, Washington, DC 20004, appeared on behalf of the United States of America.

ATTORNEY MELANIE S. KEIPER, of the Federal Public Defender's Office, 400 Locust Street, Suite 340, Des Moines, Iowa 50309-2360, appeared on behalf of the Defendant.

SENTENCING HEARING,

HELD BEFORE THE HON. LINDA R. READE,

on the 5th day of October, 2016, at 111 Seventh Avenue S.E., Cedar Rapids, Iowa, commencing at 10:00 a.m., and reported by Patrice A. Murray, Certified Shorthand Reporter, using machine shorthand.

Transcript Ordered:  10/25/16
Transcript Completed:  11/23/16

Patrice A. Murray, CSR, RPR, RMR, FCRR
United States District Court
111 Seventh Avenue S.E., Box 4
Cedar Rapids, Iowa 52401-2101
(319) 286-2338

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

(The following proceedings were held in open court.)

THE CLERK:  In Criminal Matter 15-1032, United States of America versus Randy Joe Metcalf, also known as Randy Joe Weyker, on for sentencing hearing.  The United States Probation Office is represented by Daren Schumaker.

Counsel, please state your appearances.

MR. MORFITT:  Christopher Perras and Tony Morfitt on behalf of the United States.

MS. KEIPER:  Melanie Keiper on behalf of Mr. Metcalf.

THE COURT:  And Mr. Metcalf is personally present.

The Court is aware that Mr. Metcalf was married June -- let's see, June 10th, I think, of 2016, but he's been prosecuted in the name of Randy Joe Metcalf, so for purposes of this proceeding, I'll refer to him as that. The judgment and commitment order, however, will have his new name recorded on it as well.

Mr. Metcalf, do you recall being in court on March 30, 2016, when a unanimous federal jury found you guilty of Count 1 of the indictment, charging you with a hate crime?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  The penalty for this offense can be

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 2 of 34

a prison term as long as 10 years, followed by a supervised release term of 0 to 3 years. Probation is an option. Were it granted, it would be 1 to 5 years in duration. Your fine could be as much as $250,000. The restitution requested is $1,874.56. And a $100 special assessment will be imposed.

Do you remember your attorney going through these statutory provisions with you prior to the time the jury was selected and you went to trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you are in court this morning for the purpose of being sentenced on the jury's decision?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The Court has received and read the presentence investigation report, Document 122, in the records of the court, revised as of June the 22nd, 2016. The Court would just note that I had difficulty scheduling this proceeding, and that's why there is a significant time lag between the report release and the sentencing today.

The parties have filed documents with the court, and I'll let them speak to those at the appropriate time, as well as any exhibits that they wish to offer. The Court has received a number of unsolicited letters from

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR Document 162 Filed 11/23/16 Page 3 of 34

Mr. Metcalf's mother, and we just filed those of record. And they've been available to the attorneys, so I'm assuming you don't want to see these, but I brought copies just in case, Mr. Morfitt.

MR. MORFITT:  No, Your Honor; I've reviewed them.

THE COURT:  Ms. Keiper?

MS. KEIPER:  No, Your Honor.

THE COURT:  All right.  Other than the official records of the court, the Court doesn't have any independent information concerning Mr. Metcalf.  I was the trial judge.  I very clearly remember the evidence in the case.  And that will, of course, assist me in reaching my decisions today.  From the -- after the report was released, there have been some changes in the law, at least I think, from my point of view, changes in the law, and so I do not believe that Mr. Metcalf is a career offender as previously scored.  And again, that came down after Officer Schumaker filed his report.

Mr. Morfitt, is the government contending he's a career offender?

MR. MORFITT:  No, Your Honor.

THE COURT:  All right.  So for purposes of the guidelines, you can assume that the Chapter 4 enhancements, which start at Paragraph 25 of the

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 4 of 34

presentence investigation report, Page 10, are no longer the law of the land, and so that paragraph will be ignored by the Court, and that does make a slight change in the guidelines if the other parts of the guidelines remain unchanged.

Mr. Morfitt, have you had the opportunity to review the presentence investigation report?

MR. MORFITT:  Yes, Your Honor.

THE COURT:  Does the government have any objections to the scoring of the advisory guideline sentence?

MR. MORFITT:  Only one, Your Honor, to Paragraph 19 of the final presentence report.  The government certainly agrees an enhancement under that sentencing guideline section is appropriate.  We would just seek a 5-level enhancement instead of the 4-level enhancement as scored.

THE COURT:  All right.  Very fine, and you would have the burden on that.

Ms. Keiper, have you and Mr. Metcalf been through the presentence investigation report?

MS. KEIPER:  We have, Your Honor.

THE COURT:  Will you make a brief record, please, as to how you went about reviewing the report with your client.

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 5 of 34

MS. KEIPER: Mr. Metcalf was sent a copy of the presentence report. I met with him in person and also spoke with him on the phone about objections to the presentence report. We made a number of objections to the report, to factual issues as well as the scoring. As Your Honor has indicated, the career offender is not at issue now. We contend that Paragraph 19 is correctly scored regarding bodily injury. And we had an objection to Paragraph 20, to the victim-related adjustment, due to race, color, national origin.

THE COURT: All right. Do you agree with me that the jury actually made a finding beyond a reasonable doubt, that was found by the jury to be because of Sandridge's actual or perceived race, color, or national origin?

MS. KEIPER: Yes, Your Honor, I believe that was the language in the judgment -- or the verdict form, Your Honor, however --

THE COURT: Right.

MS. KEIPER: -- we still contend that that was incorrectly decided.

THE COURT: Okay. So you're not lodging anything new. You're just saying that the trial evidence does not support the 3-level enhancement under Paragraph 20?

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 6 of 34

MS. KEIPER:  Correct, Your Honor.

THE COURT:  Okay.

MS. KEIPER:  And, Your Honor, just to draw the Court's attention, I know it's a factual issue, but Paragraph 86, we still contend that that -- there is nothing to base the fact that Mr. Metcalf was part of either the Aryan Brotherhood or the Aryan Nation.

THE COURT:  All right.  As I understood it from Probation, however, the objection to one of the specific special conditions of supervision, Paragraph 140, that doesn't talk about his membership in the gang, but merely associating with gang members, so are you still pursuing that?

MS. KEIPER:  We are not pursuing -- we withdrew the objections to the special condition, Your Honor.

THE COURT:  Okay, yes.

MS. KEIPER:  We just wanted to make clear that we objected to those because of how Mr. Metcalf could be labeled at the Bureau of Prisons.

THE COURT:  All right.  Very fine.

Then, Mr. Metcalf, do you remember receiving a copy of the presentence investigation report to read?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And I see that you have some college in your background, so I am making the assumption

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 7 of 34

that when you read this report, you were able to understand what you were reading. Is that fair to say?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you had as much time as you wanted to to talk to your attorney about the contents of the report and any concerns that you had?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Then the issues under the advisory guidelines, in addition to -- the government's got a couple of motions for upward departure, at least one. So before those departures are decided, the issue is Paragraph 19 and Paragraph 20, both of which require the government to shoulder the burden of proof.

So, Mr. Morfitt, any evidence that you'd like to offer?

MR. MORFITT: Your Honor, the government for both of those provisions would rely upon the trial evidence. I believe the trial evidence did support both of those conditions. I did brief at Docket 126-1 the degree of bodily injury, made some references to the trial transcript, as well as the trial exhibits of the victim's injuries, so we would rely upon those with respect to Paragraph 19.

With respect to Paragraph 20, the evidence at trial clearly established that the defendant did assault the

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 8 of 34

victim in this case because of the race or color of the victim, and the jury's verdict beyond a reasonable doubt establishes that as well.

I had previously filed four exhibits at Docket 127. All four of those exhibits, however, relate to issues that are no longer before the Court, so I'm not going to be actually offering any of Exhibits 10 through 11 -- or 10 through 13, excuse me, that were previously filed.

THE COURT: All right. Any evidence that you would like to offer, Ms. Keiper?

MS. KEIPER: No evidence, Your Honor. Just argument.

THE COURT: All right. Very fine. And do you want to argue about the guidelines at this point or just ultimate disposition?

MS. KEIPER: Just about this guideline issue, Your Honor, yes.

THE COURT: All right. You may proceed.

MS. KEIPER: Your Honor, just briefly, we've cited in our sentencing brief the reasons why we do not believe that a plus-5 enhancement should be for the serious bodily injury. We agree with Probation's assessment that they provided in the presentence report, and also largely because Mr. Metcalf was not the only one who inflicted injury on Mr. Sandridge that evening. The

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 9 of 34

other two individuals actually rendered him seemingly semiconscious before Mr. Metcalf assaulted Mr. Sandridge.

Just to distinguish the cases that the government has cited, in the *United States versus Thompson*, that defendant was actually given a plus-4 enhancement, not a plus-5 enhancement, so we would agree that the plus-4 is appropriate. And then for the *Sumner* case that the United States cited, that was a 2-level increase under a different provision for bodily injury, not the 4-level increase for serious bodily injury.

So with all of those, Your Honor, while we agree that bodily injury was done and it was more than the 3-level, we do not believe it rises to the level of serious bodily injury with a plus-5.

THE COURT: All right. Then the Court is ready to make its guidelines findings prior to any argument for departure. The Court agrees with Officer Schumaker's assessment and his computation of the advisory guideline sentence before any enhancements. The cross-reference, Paragraph 18, is a 14. The Court finds a 4-level increase is appropriate for serious bodily injury, and -- I'm sorry, for bodily injury, and also agrees with the analysis that there was not any protracted impairment. Not to diminish the injury that the victim suffered, but I think that is more in tune with the trial evidence.

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR Document 162 Filed 11/23/16 Page 10 of 34

A 3-level increase because defendant intentionally selected this victim as the object of the offense of conviction because of actual or perceived race or color. The jury found that beyond a reasonable doubt, and I totally agreed with their decision.

2-level increase because defendant knew or should have known that the victim was vulnerable. At the time he came back all the way into the bar and kicked the victim when he was semiconscious, laying on the floor motionless; he obviously knew that.

So the adjusted offense level is 23, and the total offense level is 23. He's criminal history category VI. He has 24 scored criminal history points, and as we know, 13 is the beginning point for a category VI. The guideline provisions suggest a sentence of 92 to 115 months, followed by 1 to 3 years of supervised release. The guideline provisions do not recommend probation. The fine, 10,000 to $100,000. It's my understanding restitution is now agreed upon, $1,874.56. And Mr. Metcalf has paid the $100 special assessment.

The Court is aware that the government is requesting an upward departure under guideline 4A1.3. And I don't think you are arguing for a departure under 4B1.2, Comment Note 4, which permits the Court to consider a departure where, although the burglaries are not crimes

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 11 of 34

of violence for purposes of career offender, it can be the basis for an upward departure.  Are you urging both or just one?

MR. MORFITT:  Just the underrepresentation of criminal history, Your Honor.

THE COURT:  All right.  Very fine.  And the Court then won't consider a departure under 4B1.2, Comment Note 4, because I did not give the parties notice of that, and the government didn't urge it.

So in terms of the departure under 4A1.3, Mr. Morfitt, I'm happy to hear any evidence or argument.

MR. MORFITT:  No evidence, Your Honor.  And again, I briefed the issue in the government's sentencing memo.  The Court's already noted the number of criminal history points.  The defendant has well above the minimum needed for category VI.  He also has a number of unscored convictions.  Perhaps most importantly in this case are the nature of his convictions, which is something the Court can consider in determining if the criminal history category score is underrepresented.

The defendant has shown a pattern for violent behavior that has continued and culminated in this case and he has never once changed his behavior; shown a complete disrespect for the law, for the safety of others, and continued to violently assault people who

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

were less able or less willing to defend themselves.  So because of the sheer number of convictions, plus the nature of those prior convictions, the government urges an upward departure of 1 offense level.

THE COURT:  Ms. Keiper.

MS. KEIPER:  Yes, Your Honor.  Your Honor, I would largely stand on what I cited in the last section of our brief, that Mr. Metcalf has met mitigating factors that do not warrant an upward departure.  Obviously, he has plenty criminal history points to be in criminal history category VI, however, a sentence within the guideline range of 7-and-a-half to 9-and-a-half years is sufficient in this case and is justice in this case for the conduct that occurred.

Obviously, Mr. Metcalf still disputes the fact that he assaulted Mr. Sandridge because of his race, however, he has never denied assaulting Mr. Sandridge and that that conduct was wrongful.  Mr. Metcalf does have a lengthy criminal history, and a lot of that is attributed to the problem that he's had with women in his past.

As the Court noted earlier, the Court received unsolicited letters from defendant's mother.  In those letters, it's obvious that she is not probably the best influence on Mr. Metcalf's life.  Mr. Metcalf was repeatedly beaten by her as a child until he was big

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 13 of 34

enough to defend himself.  He never had a father figure in his life to protect him.  And Mr. Metcalf then went on to use drugs and also has some mental illness that he chose not to get treated and instead to use drugs to alleviate those issues.

Because of that, he has had a series of convictions for his abuse of women that he has either lived with or have been his girlfriends.  This case is actually an anomaly for him.  It was in defense of his girlfriend at the time that evening, what he perceived to be a threat to her, when the individual came towards her, that he just went into a rage, and quite frankly, didn't remember exactly what he had done.  That's no excuse for his conduct.  However, Your Honor, we believe that a sentence within the guideline range would be appropriate in this case and that a sentence within the guideline range is not at all lenient, that his criminal history has been taken into consideration with the category VI, and that a sentence within that would be justice for the victim in this case.

THE COURT:  Mr. Metcalf, this is the time in the proceeding when you have a chance to speak.  You do not have to say anything unless you want to.

THE DEFENDANT:  Yes, Your Honor.  I would just like to apologize for the assault that occurred on Lamarr

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 14 of 34

Sandridge. I take full responsibility for that. I'd like to also state that the reason for the assault was not because of the nature of his race, color, or religion. And I'd just like to apologize to the Court.

THE COURT: All right. Then the Court is ready to make its findings. First, on the departure, the Court finds that the government has carried its burden of showing that an upward departure under guideline 4A1.3 is appropriate, and I say that for a couple of different reasons. First of all, as noted, this defendant has 24 criminal history points. To be a category VI criminal history, you have to have at least 13 criminal history points, and obviously he has 11 more than are necessary even to be a category VI. And again, that's without any consideration of the career offender provisions, which the Court is not considering in any way.

As if that were not enough, he also has serious unscored convictions. They weren't scored under the kind of arbitrary rules of the advisory guidelines. And they start at age 15 with the burglary in the second degree; age 17, this is Paragraph 29, a robbery second degree where he approached a female in a parking lot of a Motel 6, knocked her to the ground, and grabbed her purse. Also, his first -- I think it was his first domestic abuse assault was not scored, Paragraph 36, his female

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 15 of 34

victim, a Mickie Winders, age 19; another domestic abuse assault while causing bodily injury, same victim, Paragraph 37; at age 25, another assault, causing bodily injury, the female was a victim; another, age 25, domestic abuse assault while causing bodily injury against a fiancée, Melissa Newhaus; age 29, criminal trespass with injury, another domestic-type assault against a female, and the victim there, Sara Beth Mozlof.

The Court also finds that he is at extremely high risk to recidivate shown by his criminal history. I didn't even attempt to add up the number of assaults and domestic assaults in the presentence investigation report, but it's really a very horrendous record. I don't know of any cause and effect between Mr. Metcalf's treatment by his mother and these assaults against women or other vulnerable people, but he certainly has made no attempt to get himself under control. He keeps repeating the same types of crimes, and they're all violent.

So I do depart upward 1 offense level. He is now with the departure offense level 24, criminal history VI, with a guideline range of 100 to 120 months.

Any additional record on disposition that you wish to make, Mr. Morfitt?

MR. MORFITT: Your Honor, for many of the reasons already put on the record, the government does

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 16 of 34

seek a sentence at the top of the guideline range, the statutory maximum of 120 months or 10 years in prison, because of the violent and vicious attack in this case and the violent history that the defendant has exhibited throughout the course of his life.

THE COURT:  All right.  Ms. Keiper, anything else you want to say?

MS. KEIPER:  Your Honor, just that we believe that a 120-month sentence is not necessary to serve justice in this case.

THE COURT:  All right.  And, Mr. Metcalf, anything else that you want to say before I decide on ultimate sentence?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Then the Court is ready to make its decision.  In deciding what the appropriate disposition is, the Court is required to and the Court has in this case carefully considered each and every factor under 18 United States Code Section 3553(a).  I may not address each and every factor, but rest assured, each has been very carefully considered.

The trial evidence establishes that this was a brutal and outrageous attack against Lamarr Sandridge on two separate occasions.  I can't impress enough the necessity for the Eighth Circuit Court of Appeals to

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

watch the video of this assault. It was very disturbing, very shocking, and I think that by watching that video, the Eighth Circuit Court of Appeals will agree with the jury and agree with me. Kicking and stomping someone who is already on the ground, semiconscious, is an outrage. And as you watch the video, you see that after the victim falls, Mr. Metcalf leaves, and then comes back. He comes back to Mr. Sandridge and gives him the stomping and the kicking.

It is a miracle, really, that Mr. Sandridge did not have more injuries than he did. He had bruising and swelling of his face; multiple scrapes and abrasions on his face. His right orbital bone, his eye bone, was fractured. He had a left ankle sprain. He had a loss of memory from a period of time at the bar until he woke up while he was being treated in the emergency room.

Prior to this assault, this defendant displayed a large swastika tattoo on his abdomen to the owner of the bar and to his pals that were with him. He made various racist statements, and, as reflected by the jury verdict, he selected this victim because of actual or perceived race, color, or national origin.

He also on that same date assaulted other people. He engaged in this conduct after having consumed alcohol.

His history and characteristics are very alarming.

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 18 of 34

He obviously has a serious alcohol problem, although he says alcohol is not a problem for him. In the presentence investigation report interview, he said that alcohol was not a problem, Paragraph 101. He's been a marijuana user. He doesn't -- he says that's not a problem. He does admit that methamphetamine use has been a problem. He's also been a user of cocaine and other controlled substances, as related in the presentence investigation report.

He has a history of noncompliance while subject to correctional treatment. He reports -- and it's a self-report -- verbal, physical, and sexual abuse as a child. Although his mother, apparently, did corroborate some of that, her letters suggest to me that -- I mean, she attacks me; she says that I am a tough, bad judge. She attacks Ms. Keiper and her ability. And so, I don't know, the mother doesn't have a lot of credibility with me.

He has a history of diagnoses of a number of mental issues: Anxiety, bipolar, a personality disorder, with antisocial personality and borderline personality traits, and mood disorders. I've read all of that. He says he has suffered in the past auditory and visual hallucinations. I don't know if that's from drug use or true mental illness, and I make no attempt to sort that

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 19 of 34

out.  I don't have the credentials to do that.

He has a history of, at times, stable employment and employment-related earnings as reported by Social Security, but there are many years when he has no reported earnings or very minimal reported earnings in the last ten years.  He needs to know that when he gets out of prison, he has to have full-time lawful employment, and it has to be verifiable.

The restitution has been agreed by the parties in the total amount and how it will be divided up, and I'll make that part of the record.  He did receive crime victim -- or the victim received crime victim compensation from the state program and we'll have that reimbursed.  He does have some special skills as a barber and HVAC as a field laborer.

It's important to remember that the Court's obligation here is to select a disposition that will reflect the seriousness of the offense, promote respect for the law, be a just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, which is a huge consideration, and provide the defendant with needed education, vocational training, medical care, or other correctional treatment in the most effective manner.

I don't think that the sentence I'm going to impose

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 20 of 34

today will create any unwarranted sentence disparities among defendants with similar records found guilty of similar conduct. And I must confess that I have never had a case like this, as a federal judge or a state judge, and so in that connection, I rely mostly on the advisory guidelines, but I think they are absolutely correct when it comes to this case.

In the event that the Court erred in any way in the scoring of the advisory guidelines, I would impose a nonguideline sentence of 120 months, which is going to be my sentence, due to the very serious nature of the offense conduct, the fact that, in my opinion, Mr. Metcalf is a serious danger to the community, especially if you are a woman or a person who is helpless and not able to defend yourself. And I base this on his history of assaultive behavior -- even his burglaries had violence attached to them -- and, of course, OWI. When you get behind the wheel of a car and you are an impaired driver, you pose a serious risk to the general public and also to law enforcement, who have a sworn duty to keep drunk drivers off the road. I would also base my nonguideline sentence on the very high risk that he is to the public to recidivate, and that's based on his criminal convictions, the seriousness of them, and the fact that he's been engaging in this type of behavior

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

since he was a teenager.

So the Court finds the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is the statutory maximum of 10 years.  And it is the judgment of the Court that Randy Joe Metcalf is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 120 months.  I make two recommendations to the Bureau of Prisons.  First, that he be designated to a Bureau of Prisons' facility in close proximity to his family, commensurate with his security and custody classification needs.  I recommend that he participate in the Bureau of Prisons' 500-hour Comprehensive Residential Drug Abuse Treatment Program or an alternate substance abuse treatment program.

Upon release from imprisonment, Mr. Metcalf, you will be on supervised release for a total term of 3 years.  Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the probation office in the district to which you are released.  While you are on supervised release, you must comply with the standard conditions of supervision set out in the judgment order.

In addition, you must not commit any federal, state, or local crimes.  You must not illegally possess a controlled substance.  You must not possess a firearm,

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 22 of 34

ammunition, a destructive device, or any dangerous weapon. You must cooperate in the collection of a DNA sample.

Mr. Metcalf, you are a convicted felon. One of the things that means is that for the rest of your life, it is against the law, federal and state, for you to possess for any reason a firearm or ammunition.

While you are on supervised release, you must comply with all of the special conditions set forth in the special conditions of supervision section of the presentence investigation report, and that would be starting at Paragraph 133 through 142. And the objection to Paragraph 140 has been withdrawn, so all of those special conditions are incorporated in the judgment and commitment order by this reference.

I find you do not have the ability to pay a fine. I order that you make restitution in the amount of $1,874.56, of which $529.54 is ordered payable to Lamarr Sandridge, the victim, $1,235.60 is ordered payable to the Crime Victim Compensation Program, and $109.42 is ordered payable to Blue Cross Blue Shield. Payment shall be made to the United States Clerk of Court for the Northern District of Iowa for distribution. I order that the restitution obligation to Lamarr Sandridge be given the first priority, then the second priority would go to

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 23 of 34

the Crime Victim Compensation Program, and then the last to Blue Cross Blue Shield.

Mr. Metcalf, while you are incarcerated, you must make monthly payments in accordance with the Bureau of Prisons' Financial Responsibility Program. The amount of the monthly payments will not exceed 50 percent of the funds available to you through institution or noninstitution resources, and you have to pay at least $25 per quarter. So that means, if you are sent a hundred dollars for canteen, $50 of that will automatically be deducted and applied to your obligations to the victim. If you still owe any portion of your financial obligations at the time of your release from imprisonment, then you must pay it as a condition of supervision, and the United States Probation Office will pursue collection of the amount due and will request the Court to establish a payment schedule if appropriate. Even after you get off of federal supervision, if you have not paid in full your restitution obligations, then you must continue to notify the United States Attorney for the Northern District of Iowa within 30 days of any change to your mailing or residence address that occurs while any portion of the financial obligations remain unpaid. So they will continue to pursue you to collect this money even after you are off federal paper.

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 24 of 34

I find you do not have the ability to pay interest and I waive the interest requirement.  I order that you pay a special assessment of $100.  That's due and payable immediately.  I note that you paid the special assessment May 19th of 2016, and Officer Schumaker will record that on the judgment and commitment for the Court.

Pursuant to 18 United States Code Section 3143(a)(2), you are remanded to the custody of the United States Marshal.

Mr. Metcalf, I'm now going to talk to you about your rights to appeal.  If you desire to appeal, here's what you have to do.  You have to file a written notice of appeal with the Clerk of Court here in the United States District Court for the Northern District of Iowa at Cedar Rapids, Iowa.  If you do not file a written notice of appeal within the next 14 days, you forever give up your right to challenge this judgment and sentence.  If you would like to appeal and you cannot afford the services of an attorney, the Court will appoint an attorney to represent you on appeal.

Mr. Morfitt, anything else on this case?

MR. MORFITT:  Your Honor, I just note for the record that there is a victim in this case, and we did provide notice to them of this hearing and he elected not to be present or make any statements to the Court.

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

THE COURT: All right. Very fine. Thank you. Ms. Keiper, anything else?

MS. KEIPER: Your Honor, we did file a change in address for his permanent address, so we would ask that he be -- the Bureau of Prisons locate him as close to Wisconsin as possible.

THE COURT: All right. I'll ask Officer Schumaker to put that in parentheses, if you would, on the recommendation to the Bureau of Prisons.

PROBATION OFFICER: Yes, Your Honor.

THE COURT: Ms. Keiper, anything else?

MS. KEIPER: No, Your Honor.

THE COURT: Mr. Metcalf, have you understood everything I talked about today?

THE DEFENDANT: Yes, Your Honor.

THE COURT: This concludes the hearing.

(Proceedings concluded at 10:40 a.m.)

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

C E R T I F I C A T E

I, Patrice A. Murray, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that at the time and place heretofore indicated, a hearing was held before the Honorable Linda R. Reade; that I reported in shorthand the proceedings of said hearing, reduced the same to print to the best of my ability by means of computer-assisted transcription under my direction and supervision, and that the foregoing transcript is a true record of all proceedings had on the taking of said hearing at the above time and place.

I further certify that I am not related to or employed by any of the parties to this action, and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto or financially interested in the action.

IN WITNESS WHEREOF, I have set my hand this 23rd day of November, 2016.

/s/ Patrice A. Murray
Patrice A. Murray, CSR, RPR, RMR, FCRR
United States District Court, NDIA
111 Seventh Avenue S.E., Box 4
Cedar Rapids, Iowa 52401-2101

Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 27 of 34

1

## $

**$1,235.60** [1] - 23:19
**$1,874.56** [3] - 3:5, 11:19, 23:18
**$100** [3] - 3:5, 11:20, 25:3
**$100,000** [1] - 11:18
**$109.42** [1] - 23:20
**$25** [1] - 24:9
**$250,000** [1] - 3:4
**$50** [1] - 24:10
**$529.54** [1] - 23:18

## /

**/s** [1] - 27:12

## 0

**0** [1] - 3:2

## 1

**1** [6] - 1:10, 2:22, 3:3, 11:16, 13:4, 16:19
**10** [6] - 3:1, 5:1, 9:7, 9:8, 17:2, 22:4
**10,000** [1] - 11:18
**10/25/16** [1] - 1:21
**100** [1] - 16:21
**101** [1] - 19:4
**10:00** [1] - 1:19
**10:40** [1] - 26:17
**10th** [1] - 2:15
**11** [2] - 9:7, 15:13
**11/23/16** [1] - 1:21
**111** [4] - 1:10, 1:19, 1:24, 27:14
**115** [1] - 11:16
**120** [4] - 16:21, 17:2, 21:10, 22:7
**120-month** [1] - 17:9
**122** [1] - 3:16
**126-1** [1] - 8:19
**127** [1] - 9:4
**13** [3] - 9:8, 11:14, 15:12
**133** [1] - 23:12
**14** [2] - 10:20, 25:16
**140** [2] - 7:10, 23:13
**142** [1] - 23:12
**15** [1] - 15:20
**15-1032** [2] - 1:5, 2:2
**17** [1] - 15:21
**18** [3] - 10:20, 17:18, 25:7
**19** [5] - 5:13, 6:7, 8:12, 8:23, 16:1
**19th** [1] - 25:5

## 2

**2-level** [2] - 10:8, 11:6
**20** [4] - 6:9, 6:25, 8:12, 8:24
**20004** [1] - 1:13
**2016** [6] - 1:19, 2:15, 2:21, 3:17, 25:5, 27:11
**22nd** [1] - 3:17
**23** [2] - 11:11, 11:12
**23rd** [1] - 27:10
**24** [3] - 11:13, 15:10, 16:20
**25** [3] - 4:25, 16:3, 16:4
**286-2338** [1] - 1:25
**29** [2] - 15:21, 16:6

## 3

**3** [3] - 3:2, 11:16, 22:17
**3-level** [3] - 6:24, 10:13, 11:1
**30** [2] - 2:21, 24:21
**3143(a)(2** [1] - 25:8
**319** [1] - 1:25
**340** [1] - 1:15
**3553(a)** [1] - 17:19
**36** [1] - 15:25
**37** [1] - 16:3

## 4

**4** [5] - 1:24, 4:24, 11:24, 12:8, 27:14
**4-level** [3] - 5:16, 10:9, 10:20
**400** [1] - 1:15
**4A1.3** [3] - 11:22, 12:10, 15:8
**4B1.2** [2] - 11:23, 12:7

## 5

**5** [1] - 3:3
**5-level** [1] - 5:16
**50** [1] - 24:6
**500-hour** [1] - 22:12
**50309-2360** [1] - 1:15
**52401** [1] - 1:11
**52401-2101** [2] - 1:24, 27:14
**5804** [1] - 1:12
**5th** [1] - 1:19

## 6

**6** [1] - 15:23
**601** [1] - 1:12

## 7

**7-and-a-half** [1] - 13:12
**72** [1] - 22:17

## 8

**86** [1] - 7:5

## 9

**9-and-a-half** [1] - 13:12
**92** [1] - 11:15

## A

**a.m** [2] - 1:19, 26:17
**a/k/a** [1] - 1:6
**abdomen** [1] - 18:18
**ability** [4] - 19:16, 23:16, 25:1, 27:4
**able** [3] - 8:1, 13:1, 21:15
**abrasions** [1] - 18:12
**absolutely** [1] - 21:6
**Abuse** [1] - 22:13
**abuse** [6] - 14:7, 15:25, 16:1, 16:5, 19:12, 22:14
**accordance** [1] - 24:4
**achieve** [1] - 22:3
**action** [2] - 27:8, 27:9
**actual** [3] - 6:14, 11:3, 18:21
**add** [1] - 16:11
**addition** [2] - 8:9, 22:23
**additional** [1] - 16:22
**address** [4] - 17:19, 24:22, 26:4
**adequate** [1] - 20:19
**adjusted** [1] - 11:11
**adjustment** [1] - 6:9
**admit** [1] - 19:6
**advisory** [6] - 5:10, 8:8, 10:18, 15:19, 21:6, 21:9
**afford** [2] - 20:19, 25:18
**age** [6] - 15:20, 15:21, 16:1, 16:3, 16:4, 16:6
**agree** [6] - 6:11, 9:22, 10:6, 10:11, 18:3, 18:4
**agreed** [3] - 11:5, 11:19, 20:9
**agrees** [3] - 5:14, 10:17, 10:22
**alarming** [1] - 18:25
**alcohol** [4] - 18:24, 19:1, 19:2, 19:4
**alleviate** [1] - 14:5
**alternate** [1] - 22:14
**AMERICA** [1] - 1:3
**America** [2] - 1:13, 2:3
**ammunition** [2] - 23:1, 23:7
**amount** [4] - 20:10, 23:17, 24:5, 24:16
**analysis** [1] - 10:23
**AND** [1] - 1:11
**ankle** [1] - 18:14
**anomaly** [1] - 14:9

**ANTHONY** [1] - 1:10
**antisocial** [1] - 19:21
**anxiety** [1] - 19:20
**apologize** [2] - 14:25, 15:4
**appeal** [6] - 25:11, 25:13, 25:16, 25:18, 25:20
**Appeals** [2] - 17:25, 18:3
**APPEARANCES** [1] - 1:9
**appearances** [1] - 2:7
**appeared** [2] - 1:13, 1:15
**applied** [1] - 24:11
**appoint** [1] - 25:19
**approached** [1] - 15:22
**appropriate** [8] - 3:23, 5:15, 10:7, 10:21, 14:15, 15:9, 17:16, 24:17
**arbitrary** [1] - 15:19
**argue** [1] - 9:14
**arguing** [1] - 11:23
**argument** [3] - 9:12, 10:16, 12:11
**Aryan** [2] - 7:7
**assault** [11] - 8:25, 12:25, 14:25, 15:2, 15:25, 16:2, 16:3, 16:5, 16:7, 18:1, 18:17
**assaulted** [3] - 10:2, 13:16, 18:23
**assaulting** [1] - 13:17
**assaultive** [1] - 21:16
**assaults** [3] - 16:11, 16:12, 16:15
**assessment** [6] - 3:6, 9:23, 10:18, 11:20, 25:3, 25:4
**assist** [1] - 4:13
**assisted** [1] - 27:5
**associating** [1] - 7:12
**assume** [1] - 4:24
**assuming** [1] - 4:3
**assumption** [1] - 7:25
**assured** [1] - 17:20
**attached** [1] - 21:17
**attack** [2] - 17:3, 17:23
**attacks** [2] - 19:15, 19:16
**attempt** [3] - 16:11, 16:17, 19:25
**attention** [1] - 7:4
**Attorney** [1] - 24:20
**ATTORNEY** [3] - 1:10, 1:12, 1:14
**attorney** [5] - 3:7, 8:5, 25:19, 25:20, 27:9
**Attorney's** [1] - 1:10
**attorneys** [1] - 4:2
**attributed** [1] - 13:19
**auditory** [1] - 19:23
**automatically** [1] - 24:11
**available** [2] - 4:2, 24:7
**Avenue** [4] - 1:10, 1:19, 1:24, 27:14
**aware** [2] - 2:14, 11:21

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

**B**

background [1] - 7:25
bad [1] - 19:15
bar [3] - 11:8, 18:15, 18:19
barber [1] - 20:14
base [3] - 7:6, 21:15, 21:21
based [1] - 21:23
basis [1] - 12:2
beaten [1] - 13:25
BEFORE [1] - 1:18
beginning [1] - 11:14
behalf [4] - 1:13, 1:15, 2:9, 2:10
behavior [4] - 12:22, 12:23, 21:16, 21:25
behind [1] - 21:18
best [2] - 13:23, 27:4
Beth [1] - 16:8
between [2] - 3:20, 16:14
beyond [3] - 6:12, 9:2, 11:4
big [1] - 13:25
bipolar [1] - 19:20
Blue [4] - 23:21, 24:2
bodily [12] - 6:8, 8:20, 9:22, 10:9, 10:10, 10:12, 10:14, 10:21, 10:22, 16:2, 16:3, 16:5
bone [2] - 18:13
borderline [1] - 19:21
Box [3] - 1:10, 1:24, 27:14
brief [4] - 5:23, 8:19, 9:20, 13:8
briefed [1] - 12:13
briefly [1] - 9:19
Brotherhood [1] - 7:7
brought [1] - 4:3
bruising [1] - 18:11
brutal [1] - 17:23
burden [3] - 5:19, 8:13, 15:7
Bureau [9] - 7:19, 22:6, 22:8, 22:9, 22:12, 22:18, 24:4, 26:5, 26:9
burglaries [2] - 11:25, 21:16
burglary [1] - 15:20

**C**

cannot [1] - 25:18
canteen [1] - 24:10
car [1] - 21:18
care [1] - 20:23
career [5] - 4:18, 4:21, 6:6, 12:1, 15:15
carefully [2] - 17:18, 17:21
carried [1] - 15:7
case [18] - 4:4, 4:13, 9:1, 10:7, 12:17, 12:22, 13:13, 14:8, 14:16, 14:20, 17:3, 17:10, 17:18, 21:4, 21:7, 25:21, 25:23

cases [1] - 10:3
category [8] - 11:12, 11:14, 12:16, 12:20, 13:11, 14:18, 15:11, 15:14
causing [3] - 16:2, 16:3, 16:5
Cedar [5] - 1:10, 1:19, 1:24, 25:15, 27:14
certainly [2] - 5:14, 16:16
Certified [2] - 1:20, 27:2
certify [2] - 27:2, 27:7
challenge [1] - 25:17
chance [1] - 14:22
change [3] - 5:3, 24:22, 26:3
changed [1] - 12:23
changes [2] - 4:15, 4:16
Chapter [1] - 4:24
characteristics [1] - 18:25
charging [1] - 2:22
child [2] - 13:25, 19:13
chose [1] - 14:4
CHRISTOPHER [1] - 1:12
Christopher [1] - 2:8
Circuit [2] - 17:25, 18:3
cited [4] - 9:20, 10:4, 10:8, 13:7
classification [1] - 22:11
clear [1] - 7:17
clearly [2] - 4:12, 8:25
Clerk [2] - 23:22, 25:13
CLERK [1] - 2:2
client [1] - 5:25
close [2] - 22:9, 26:5
cocaine [1] - 19:7
Code [2] - 17:19, 25:7
collect [1] - 24:24
collection [2] - 23:2, 24:16
college [1] - 7:25
color [6] - 6:10, 6:14, 9:1, 11:3, 15:3, 18:22
commencing [1] - 1:19
commensurate [1] - 22:10
Comment [2] - 11:24, 12:8
commit [1] - 22:23
commitment [3] - 2:18, 23:15, 25:6
committed [1] - 22:6
community [1] - 21:13
compensation [1] - 20:13
Compensation [2] - 23:20, 24:1
complete [1] - 12:24
Completed [1] - 1:21
comply [2] - 22:21, 23:8
Comprehensive [1] - 22:13
computation [1] - 10:18
computer [1] - 27:5
computer-assisted [1] - 27:5
concerning [1] - 4:11
concerns [1] - 8:6
concluded [1] - 26:17

concludes [1] - 26:16
condition [2] - 7:15, 24:14
conditions [6] - 7:10, 8:19, 22:21, 23:9, 23:10, 23:14
conduct [7] - 13:14, 13:18, 14:14, 18:24, 20:20, 21:3, 21:12
confess [1] - 21:3
connection [1] - 21:5
consider [3] - 11:24, 12:7, 12:19
consideration [3] - 14:18, 15:15, 20:22
considered [2] - 17:18, 17:21
considering [1] - 15:16
consumed [1] - 18:24
contend [3] - 6:7, 6:20, 7:5
contending [1] - 4:20
contents [1] - 8:5
continue [2] - 24:20, 24:24
continued [2] - 12:22, 12:25
control [1] - 16:17
controlled [2] - 19:8, 22:25
convicted [1] - 23:4
conviction [1] - 11:3
convictions [7] - 12:17, 12:18, 13:2, 13:3, 14:6, 15:18, 21:24
cooperate [1] - 23:2
copies [1] - 4:4
copy [2] - 6:1, 7:21
correct [2] - 7:1, 21:7
correctional [2] - 19:11, 20:24
correctly [1] - 6:7
corroborate [1] - 19:13
counsel [1] - 27:9
Counsel [1] - 2:7
Count [1] - 2:22
couple [2] - 8:10, 15:9
course [3] - 4:13, 17:5, 21:17
Court [38] - 1:23, 2:14, 3:15, 3:18, 3:24, 4:10, 5:3, 9:6, 10:15, 10:17, 10:20, 11:21, 11:24, 12:7, 12:19, 13:21, 15:4, 15:5, 15:6, 15:16, 16:9, 17:15, 17:17, 17:25, 18:3, 21:8, 22:2, 22:5, 23:22, 24:17, 25:6, 25:13, 25:14, 25:19, 25:25, 27:13
COURT [37] - 1:1, 2:12, 2:25, 3:11, 3:15, 4:7, 4:9, 4:23, 5:9, 5:18, 5:23, 6:11, 6:19, 6:22, 7:2, 7:8, 7:16, 7:20, 7:24, 8:4, 8:8, 9:9, 9:13, 9:18, 10:15, 12:6, 13:5, 14:21, 15:5, 17:6, 17:11, 17:15, 26:1, 26:7, 26:11, 26:13, 26:16
court [6] - 2:1, 2:20, 3:12, 3:17, 3:22, 4:10
Court's [3] - 7:4, 12:14,

20:16
CR [1] - 1:5
create [1] - 21:1
credentials [1] - 20:1
credibility [1] - 19:17
Crime [2] - 23:20, 24:1
crime [3] - 2:23, 20:11, 20:12
crimes [4] - 11:25, 16:18, 20:21, 22:24
criminal [17] - 11:12, 11:13, 12:5, 12:14, 12:19, 13:10, 13:19, 14:17, 15:11, 15:12, 16:6, 16:10, 16:20, 20:20, 21:24
Criminal [1] - 2:2
Cross [2] - 23:21, 24:2
cross [1] - 10:19
cross-reference [1] - 10:19
CSR [2] - 1:23, 27:13
culminated [1] - 12:22
custody [4] - 22:6, 22:11, 22:17, 25:8

**D**

danger [1] - 21:13
dangerous [1] - 23:1
Daren [1] - 2:5
date [1] - 18:23
days [2] - 24:21, 25:16
DC [1] - 1:12
decide [1] - 17:12
decided [2] - 6:21, 8:11
deciding [1] - 17:16
decision [3] - 3:13, 11:5, 17:16
decisions [1] - 4:14
deducted [1] - 24:11
defend [3] - 13:1, 14:1, 21:15
DEFENDANT [9] - 2:24, 3:10, 3:14, 7:23, 8:3, 8:7, 14:24, 17:14, 26:15
defendant [11] - 8:25, 10:5, 11:1, 11:6, 12:15, 12:21, 15:10, 17:4, 18:17, 20:21, 20:22
Defendant [2] - 1:7, 1:16
defendant's [1] - 13:22
defendants [1] - 21:2
Defender's [1] - 1:15
defense [1] - 14:9
degree [3] - 8:20, 15:20, 15:21
denied [1] - 13:17
depart [1] - 16:19
Department [1] - 1:12
departure [13] - 8:10, 10:17, 11:22, 11:23, 11:25, 12:2, 12:7, 12:10, 13:4, 13:9, 15:6, 15:8, 16:20
departures [1] - 8:11

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR   Document 162   Filed 11/23/16   Page 29 of 34

3

**Des** [1] - 1:15
**designated** [1] - 22:9
**desire** [1] - 25:11
**destructive** [1] - 23:1
**determining** [1] - 12:19
**deterrence** [1] - 20:20
**device** [1] - 23:1
**diagnoses** [1] - 19:19
**different** [2] - 10:9, 15:9
**difficulty** [1] - 3:18
**diminish** [1] - 10:24
**direction** [1] - 27:5
**disorder** [1] - 19:20
**disorders** [1] - 19:22
**disparities** [1] - 21:1
**displayed** [1] - 18:17
**disposition** [4] - 9:15, 16:22, 17:16, 20:17
**disputes** [1] - 13:15
**disrespect** [1] - 12:24
**distinguish** [1] - 10:3
**distribution** [1] - 23:23
**DISTRICT** [2] - 1:1, 1:1
**district** [1] - 22:19
**District** [6] - 1:23, 23:23, 24:21, 25:14, 27:13
**disturbing** [1] - 18:1
**divided** [1] - 20:10
**DNA** [1] - 23:2
**Docket** [2] - 8:19, 9:4
**Document** [1] - 3:16
**documents** [1] - 3:22
**dollars** [1] - 24:10
**domestic** [5] - 15:24, 16:1, 16:5, 16:7, 16:12
**domestic-type** [1] - 16:7
**done** [2] - 10:12, 14:13
**doubt** [3] - 6:13, 9:2, 11:4
**down** [1] - 4:19
**draw** [1] - 7:3
**driver** [1] - 21:19
**drivers** [1] - 21:21
**drug** [1] - 19:24
**Drug** [1] - 22:13
**drugs** [2] - 14:3, 14:4
**drunk** [1] - 21:21
**due** [4] - 6:9, 21:11, 24:16, 25:3
**duration** [1] - 3:4
**duty** [1] - 21:20

## E

**earnings** [3] - 20:3, 20:5
**education** [1] - 20:23
**effect** [1] - 16:14
**effective** [1] - 20:24
**Eighth** [2] - 17:25, 18:3
**either** [2] - 7:7, 14:7
**elected** [1] - 25:24

**emergency** [1] - 18:16
**employed** [2] - 27:8, 27:9
**employee** [1] - 27:8
**employment** [3] - 20:2, 20:3, 20:8
**employment-related** [1] - 20:3
**enforcement** [1] - 21:20
**engaged** [1] - 18:24
**engaging** [1] - 21:25
**enhancement** [7] - 5:14, 5:16, 5:17, 6:24, 9:21, 10:5, 10:6
**enhancements** [2] - 4:25, 10:19
**erred** [1] - 21:8
**especially** [1] - 21:14
**establish** [1] - 24:17
**established** [1] - 8:25
**establishes** [2] - 9:3, 17:22
**evening** [2] - 9:25, 14:10
**event** [1] - 21:8
**evidence** [12] - 4:12, 6:23, 8:14, 8:18, 8:24, 9:9, 9:11, 10:25, 12:11, 12:12, 17:22
**exactly** [1] - 14:13
**exceed** [1] - 24:6
**excuse** [2] - 9:8, 14:13
**exhibited** [1] - 17:4
**exhibits** [4] - 3:24, 8:21, 9:4, 9:5
**Exhibits** [1] - 9:7
**extremely** [1] - 16:9
**eye** [1] - 18:13

## F

**face** [2] - 18:12, 18:13
**facility** [1] - 22:9
**fact** [4] - 7:6, 13:15, 21:12, 21:25
**factor** [2] - 17:18, 17:20
**factors** [1] - 13:8
**factual** [2] - 6:5, 7:4
**fair** [1] - 8:2
**falls** [1] - 18:7
**family** [1] - 22:10
**father** [1] - 14:1
**FCRR** [2] - 1:23, 27:13
**Federal** [1] - 1:14
**federal** [6] - 2:21, 21:4, 22:23, 23:6, 24:18, 24:25
**felon** [1] - 23:4
**female** [4] - 15:22, 15:25, 16:4, 16:8
**fiancée** [1] - 16:6
**field** [1] - 20:15
**figure** [1] - 14:1
**file** [3] - 25:12, 25:15, 26:3
**filed** [5] - 3:22, 4:1, 4:19, 9:4, 9:8

**final** [1] - 5:13
**Financial** [1] - 24:5
**financial** [2] - 24:13, 24:23
**financially** [1] - 27:9
**find** [2] - 23:16, 25:1
**finding** [1] - 6:12
**findings** [2] - 10:16, 15:6
**finds** [4] - 10:20, 15:7, 16:9, 22:2
**fine** [8] - 3:4, 5:18, 7:20, 9:13, 11:18, 12:6, 23:16, 26:1
**firearm** [2] - 22:25, 23:7
**first** [6] - 15:6, 15:10, 15:24, 22:8, 23:25
**floor** [1] - 11:9
**followed** [2] - 3:1, 11:16
**following** [1] - 2:1
**FOR** [1] - 1:1
**foregoing** [1] - 27:5
**forever** [1] - 25:16
**form** [1] - 6:17
**forth** [1] - 23:9
**four** [2] - 9:4, 9:5
**fractured** [1] - 18:14
**frankly** [1] - 14:12
**full** [3] - 15:1, 20:7, 24:19
**full-time** [1] - 20:7
**funds** [1] - 24:7

## G

**gang** [2] - 7:11, 7:12
**general** [1] - 21:19
**get** [4] - 14:4, 16:17, 21:18, 24:18
**gets** [1] - 20:6
**girlfriend** [1] - 14:9
**girlfriends** [1] - 14:8
**give** [2] - 12:8, 25:16
**given** [2] - 10:5, 23:24
**gives** [1] - 18:8
**goals** [1] - 22:3
**government** [11] - 4:20, 5:9, 5:14, 8:13, 8:16, 10:3, 11:21, 12:9, 13:3, 15:7, 16:25
**government's** [2] - 8:9, 12:13
**grabbed** [1] - 15:23
**granted** [1] - 3:3
**greater** [1] - 22:3
**ground** [2] - 15:23, 18:5
**guideline** [13] - 5:10, 5:15, 9:16, 10:18, 11:15, 11:17, 11:22, 13:12, 14:15, 14:16, 15:8, 16:21, 17:1
**guidelines** [9] - 4:24, 5:4, 8:9, 9:14, 10:16, 15:19, 21:6, 21:9
**guilty** [2] - 2:22, 21:2

## H

**hallucinations** [1] - 19:24
**hand** [1] - 27:10
**happy** [1] - 12:11
**hate** [1] - 2:23
**hear** [1] - 12:11
**HEARING** [1] - 1:17
**hearing** [6] - 2:4, 25:24, 26:16, 27:3, 27:4, 27:6
**HELD** [1] - 1:18
**held** [2] - 2:1, 27:3
**helpless** [1] - 21:14
**hereby** [2] - 22:6, 27:2
**hereto** [1] - 27:9
**heretofore** [1] - 27:3
**high** [2] - 16:9, 21:22
**himself** [2] - 14:1, 16:17
**history** [20] - 11:12, 11:13, 12:5, 12:15, 12:19, 13:10, 13:11, 13:19, 14:17, 15:11, 15:12, 16:10, 16:20, 17:4, 18:25, 19:10, 19:19, 20:2, 21:16
**HON** [1] - 1:18
**Honor** [37] - 2:24, 3:10, 3:14, 4:5, 4:8, 4:22, 5:8, 5:12, 5:22, 6:6, 6:16, 6:18, 7:1, 7:3, 7:15, 7:23, 8:3, 8:7, 8:16, 9:11, 9:17, 9:19, 10:11, 12:5, 12:12, 13:6, 14:14, 14:24, 16:24, 17:8, 17:14, 25:22, 26:3, 26:10, 26:12, 26:15
**Honorable** [1] - 27:3
**horrendous** [1] - 16:13
**hours** [1] - 22:17
**huge** [1] - 20:21
**hundred** [1] - 24:10
**HVAC** [1] - 20:15

## I

**ignored** [1] - 5:3
**illegally** [1] - 22:24
**illness** [2] - 14:3, 19:25
**immediately** [1] - 25:4
**impaired** [1] - 21:18
**impairment** [1] - 10:23
**important** [1] - 20:16
**importantly** [1] - 12:17
**impose** [2] - 20:25, 21:9
**imposed** [1] - 3:6
**impress** [1] - 17:24
**imprisoned** [1] - 22:7
**imprisonment** [2] - 22:15, 24:14
**IN** [2] - 1:1, 27:10
**incarcerated** [1] - 24:3
**incorporated** [1] - 23:14
**incorrectly** [1] - 6:21

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

increase [5] - 10:8, 10:10, 10:21, 11:1, 11:6
independent [1] - 4:11
indicated [2] - 6:6, 27:3
indictment [1] - 2:22
individual [1] - 14:11
individuals [1] - 10:1
inflicted [1] - 9:25
influence [1] - 13:24
information [1] - 4:11
injuries [2] - 8:22, 18:11
injury [15] - 6:8, 8:20, 9:22, 9:25, 10:9, 10:10, 10:12, 10:14, 10:21, 10:22, 10:24, 16:2, 16:4, 16:5, 16:7
instead [2] - 5:16, 14:4
institution [1] - 24:7
intentionally [1] - 11:1
interest [2] - 25:1, 25:2
interested [1] - 27:9
interview [1] - 19:3
investigation [9] - 3:16, 5:1, 5:7, 5:21, 7:22, 16:12, 19:3, 19:9, 23:11
IOWA [1] - 1:1
Iowa [10] - 1:11, 1:15, 1:19, 1:24, 23:23, 24:21, 25:14, 25:15, 27:2, 27:14
issue [5] - 6:7, 7:4, 8:11, 9:16, 12:13
issues [5] - 6:5, 8:8, 9:5, 14:5, 19:20

**J**

JOE [2] - 1:6, 1:6
Joe [4] - 2:3, 2:4, 2:16, 22:5
judge [4] - 4:12, 19:15, 21:4, 21:5
judgment [7] - 2:18, 6:17, 22:5, 22:22, 23:14, 25:6, 25:17
June [3] - 2:15, 3:17
jury [7] - 2:21, 3:8, 6:12, 6:13, 11:4, 18:4, 18:20
jury's [2] - 3:13, 9:2
Justice [1] - 1:12
justice [3] - 13:13, 14:19, 17:10

**K**

keep [1] - 21:20
keeps [1] - 16:17
Keiper [9] - 2:10, 4:7, 5:20, 9:10, 13:5, 17:6, 19:16, 26:2, 26:11
KEIPER [18] - 1:14, 2:10, 4:8, 5:22, 6:1, 6:16, 6:20, 7:1, 7:3, 7:14, 7:17, 9:11, 9:16,

9:19, 13:6, 17:8, 26:3, 26:12
kicked [1] - 11:8
kicking [2] - 18:4, 18:9
kind [1] - 15:18
knocked [1] - 15:23
known [2] - 2:3, 11:7

**L**

labeled [1] - 7:19
laborer [1] - 20:15
lag [1] - 3:20
Lamarr [4] - 14:25, 17:23, 23:18, 23:24
land [1] - 5:2
language [1] - 6:17
large [1] - 18:18
largely [2] - 9:24, 13:7
last [3] - 13:7, 20:6, 24:1
law [7] - 4:16, 4:17, 5:2, 12:24, 20:19, 21:20, 23:6
lawful [1] - 20:7
laying [1] - 11:9
least [4] - 4:16, 8:10, 15:12, 24:8
leaves [1] - 18:7
left [1] - 18:14
lengthy [1] - 13:19
lenient [1] - 14:17
less [2] - 13:1
letters [4] - 3:25, 13:22, 13:23, 19:14
level [6] - 10:13, 11:11, 11:12, 13:4, 16:19, 16:20
life [4] - 13:24, 14:2, 17:5, 23:5
LINDA [1] - 1:18
Linda [1] - 27:3
lived [1] - 14:7
local [1] - 22:24
locate [1] - 26:5
Locust [1] - 1:15
lodging [1] - 6:22
loss [1] - 18:14

**M**

machine [1] - 1:20
made [6] - 6:4, 6:12, 8:20, 16:16, 18:19, 23:22
mailing [1] - 24:22
make [13] - 5:3, 5:23, 7:17, 10:16, 15:6, 16:23, 17:15, 19:25, 20:11, 22:7, 23:17, 24:4, 25:25
making [1] - 7:25
manner [1] - 20:24
March [1] - 2:21
marijuana [1] - 19:5
married [1] - 2:14

Marshal [1] - 25:9
Matter [1] - 2:2
maximum [2] - 17:2, 22:4
mean [1] - 19:14
means [3] - 23:5, 24:9, 27:4
medical [1] - 20:23
MELANIE [1] - 1:14
Melanie [1] - 2:10
Melissa [1] - 16:6
members [1] - 7:12
membership [1] - 7:11
memo [1] - 12:14
memory [1] - 18:15
mental [3] - 14:3, 19:19, 19:25
merely [1] - 7:11
met [2] - 6:2, 13:8
Metcalf [31] - 2:3, 2:11, 2:12, 2:14, 2:16, 2:20, 4:11, 4:17, 5:20, 6:1, 7:6, 7:18, 7:21, 9:24, 10:2, 11:20, 13:8, 13:15, 13:18, 13:24, 14:2, 14:21, 17:11, 18:7, 21:13, 22:5, 22:15, 23:4, 24:3, 25:10, 26:13
METCALF [1] - 1:6
Metcalf's [3] - 4:1, 13:24, 16:14
methamphetamine [1] - 19:6
Mickie [1] - 16:1
minimal [1] - 20:5
minimum [1] - 12:15
miracle [1] - 18:10
mitigating [1] - 13:8
Moines [1] - 1:15
money [1] - 24:25
monthly [2] - 24:4, 24:6
months [5] - 11:16, 16:21, 17:2, 21:10, 22:7
mood [1] - 19:22
Morfitt [8] - 2:9, 4:4, 4:20, 5:6, 8:14, 12:11, 16:23, 25:21
MORFITT [11] - 1:10, 2:8, 4:5, 4:22, 5:8, 5:12, 8:16, 12:4, 12:12, 16:24, 25:22
morning [1] - 3:12
most [2] - 12:17, 20:24
mostly [1] - 21:5
Motel [1] - 15:22
mother [5] - 4:1, 13:22, 16:15, 19:13, 19:17
motionless [1] - 11:10
motions [1] - 8:10
Mozlof [1] - 16:8
MR [10] - 2:8, 4:5, 4:22, 5:8, 5:12, 8:16, 12:4, 12:12, 16:24, 25:22
MS [17] - 2:10, 4:8, 5:22, 6:1, 6:16, 6:20, 7:1, 7:3, 7:14, 7:17, 9:11, 9:16, 9:19, 13:6, 17:8, 26:3, 26:12

multiple [1] - 18:12
Murray [5] - 1:20, 1:23, 27:2, 27:12, 27:13
must [11] - 21:3, 22:18, 22:20, 22:23, 22:24, 22:25, 23:2, 23:8, 24:3, 24:14, 24:20

**N**

name [2] - 2:16, 2:19
Nation [1] - 7:7
national [3] - 6:10, 6:14, 18:22
nature [4] - 12:18, 13:3, 15:3, 21:11
NDIA [1] - 27:13
necessary [3] - 15:13, 17:9, 22:3
necessity [1] - 17:25
needed [2] - 12:16, 20:22
needs [2] - 20:6, 22:11
never [4] - 12:23, 13:17, 14:1, 21:3
new [2] - 2:19, 6:23
Newhaus [1] - 16:6
next [1] - 25:16
noncompliance [1] - 19:10
nonguideline [2] - 21:10, 21:22
noninstitution [1] - 24:8
NORTHERN [1] - 1:1
Northern [3] - 23:23, 24:21, 25:14
Note [2] - 11:24, 12:8
note [3] - 3:18, 25:4, 25:22
noted [3] - 12:14, 13:21, 15:10
nothing [1] - 7:6
notice [4] - 12:8, 25:12, 25:15, 25:24
notify [1] - 24:20
November [1] - 27:11
number [7] - 3:25, 6:4, 12:14, 12:16, 13:2, 16:11, 19:19
NW [1] - 1:12

**O**

object [1] - 11:2
objected [1] - 7:18
objection [3] - 6:8, 7:9, 23:12
objections [4] - 5:10, 6:3, 6:4, 7:15
obligation [2] - 20:17, 23:24
obligations [4] - 24:11, 24:13, 24:19, 24:23
obvious [1] - 13:23
obviously [5] - 11:10, 13:9,

13:15, 15:13, 19:1
**occasions** [1] - 17:24
**occurred** [2] - 13:14, 14:25
**occurs** [1] - 24:22
**October** [1] - 1:19
**OF** [2] - 1:1, 1:3
**offender** [5] - 4:18, 4:21, 6:6, 12:1, 15:15
**offense** [9] - 2:25, 11:2, 11:11, 11:12, 13:4, 16:19, 16:20, 20:18, 21:12
**offer** [3] - 3:24, 8:15, 9:10
**offering** [1] - 9:7
**office** [1] - 22:19
**Office** [4] - 1:10, 1:15, 2:5, 24:15
**Officer** [4] - 4:19, 10:17, 25:5, 26:7
**OFFICER** [1] - 26:10
**official** [1] - 4:9
**once** [1] - 12:23
**one** [6] - 5:12, 7:9, 8:10, 9:24, 12:3, 23:4
**open** [1] - 2:1
**opinion** [1] - 21:12
**opportunity** [1] - 5:6
**option** [1] - 3:3
**orbital** [1] - 18:13
**order** [6] - 2:18, 22:22, 23:15, 23:17, 23:23, 25:2
**Ordered** [1] - 1:21
**ordered** [3] - 23:18, 23:19, 23:21
**origin** [3] - 6:10, 6:15, 18:22
**outrage** [1] - 18:5
**outrageous** [1] - 17:23
**owe** [1] - 24:12
**OWI** [1] - 21:17
**owner** [1] - 18:18

## P

**Page** [1] - 5:1
**paid** [3] - 11:20, 24:19, 25:4
**pals** [1] - 18:19
**paper** [1] - 24:25
**Paragraph** [18] - 4:25, 5:13, 6:7, 6:9, 6:24, 7:5, 7:10, 8:12, 8:23, 8:24, 10:20, 15:21, 15:25, 16:3, 19:4, 23:12, 23:13
**paragraph** [1] - 5:2
**parentheses** [1] - 26:8
**parking** [1] - 15:22
**part** [2] - 7:6, 20:11
**participate** [1] - 22:12
**parties** [5] - 3:22, 12:8, 20:9, 27:8, 27:9
**parts** [1] - 5:4
**past** [2] - 13:20, 19:23
**Patrice** [5] - 1:20, 1:23, 27:2,

27:12, 27:13
**pattern** [1] - 12:21
**pay** [5] - 23:16, 24:8, 24:14, 25:1, 25:3
**payable** [4] - 23:18, 23:19, 23:21, 25:3
**payment** [2] - 23:21, 24:17
**payments** [2] - 24:4, 24:6
**penalty** [1] - 2:25
**people** [3] - 12:25, 16:16, 18:23
**per** [1] - 24:9
**perceived** [4] - 6:14, 11:3, 14:10, 18:21
**percent** [1] - 24:6
**perhaps** [1] - 12:17
**period** [1] - 18:15
**permanent** [1] - 26:4
**permits** [1] - 11:24
**PERRAS** [1] - 1:12
**Perras** [1] - 2:8
**person** [3] - 6:2, 21:14, 22:18
**personality** [3] - 19:20, 19:21
**personally** [1] - 2:12
**phone** [1] - 6:3
**physical** [1] - 19:12
**place** [2] - 27:3, 27:6
**Plaintiff** [1] - 1:4
**plenty** [1] - 13:10
**plus** [1] - 13:2
**plus-4** [2] - 10:5, 10:6
**plus-5** [3] - 9:21, 10:6, 10:14
**point** [3] - 4:16, 9:14, 11:14
**points** [5] - 11:13, 12:15, 13:10, 15:11, 15:13
**portion** [2] - 24:12, 24:23
**pose** [1] - 21:19
**possess** [3] - 22:24, 22:25, 23:6
**possible** [1] - 26:6
**present** [2] - 2:13, 25:25
**presentence** [13] - 3:16, 5:1, 5:7, 5:13, 5:21, 6:2, 6:4, 7:22, 9:23, 16:12, 19:3, 19:8, 23:11
**previously** [3] - 4:18, 9:4, 9:8
**print** [1] - 27:4
**priority** [2] - 23:25
**prison** [3] - 3:1, 17:2, 20:7
**Prisons** [6] - 7:19, 22:6, 22:8, 22:18, 26:5, 26:9
**Prisons'** [3] - 22:9, 22:12, 24:5
**probation** [3] - 3:2, 11:18, 22:19
**PROBATION** [1] - 26:10
**Probation** [3] - 2:5, 7:9, 24:15
**Probation's** [1] - 9:22

**problem** [6] - 13:20, 19:1, 19:2, 19:4, 19:6, 19:7
**proceed** [1] - 9:18
**proceeding** [3] - 2:17, 3:19, 14:22
**Proceedings** [1] - 26:17
**proceedings** [3] - 2:1, 27:4, 27:6
**Program** [4] - 22:13, 23:20, 24:1, 24:5
**program** [2] - 20:13, 22:14
**promote** [1] - 20:18
**proof** [1] - 8:13
**prosecuted** [1] - 2:16
**protect** [2] - 14:2, 20:20
**protracted** [1] - 10:23
**provide** [2] - 20:22, 25:24
**provided** [1] - 9:23
**provision** [1] - 10:9
**provisions** [5] - 3:8, 8:17, 11:15, 11:17, 15:15
**proximity** [1] - 22:10
**Public** [1] - 1:14
**public** [3] - 20:20, 21:19, 21:23
**punishment** [1] - 20:19
**purpose** [1] - 3:12
**purposes** [3] - 2:17, 4:23, 12:1
**purse** [1] - 15:23
**pursuant** [1] - 25:7
**pursue** [2] - 24:16, 24:24
**pursuing** [2] - 7:12, 7:14
**put** [2] - 16:25, 26:8

## Q

**quarter** [1] - 24:9
**quite** [1] - 14:12

## R

**race** [7] - 6:10, 6:14, 9:1, 11:3, 13:16, 15:3, 18:22
**racist** [1] - 18:20
**rage** [1] - 14:12
**Randy** [4] - 2:3, 2:4, 2:16, 22:5
**RANDY** [2] - 1:6, 1:6
**range** [5] - 13:12, 14:15, 14:16, 16:21, 17:1
**Rapids** [5] - 1:10, 1:19, 1:24, 25:15, 27:14
**reaching** [1] - 4:14
**read** [4] - 3:15, 7:22, 8:1, 19:22
**READE** [1] - 1:18
**Reade** [1] - 27:3
**reading** [1] - 8:2
**ready** [3] - 10:15, 15:5, 17:15

**really** [2] - 16:13, 18:10
**reason** [2] - 15:2, 23:7
**reasonable** [3] - 6:12, 9:2, 11:4
**reasons** [3] - 9:20, 15:10, 16:25
**receive** [1] - 20:11
**received** [4] - 3:15, 3:25, 13:21, 20:12
**receiving** [1] - 7:21
**recidivate** [2] - 16:10, 21:23
**recommend** [2] - 11:17, 22:11
**recommendation** [1] - 26:9
**recommendations** [1] - 22:8
**record** [9] - 4:1, 5:23, 16:13, 16:22, 16:25, 20:11, 25:5, 25:23, 27:6
**recorded** [1] - 2:19
**records** [3] - 3:17, 4:10, 21:2
**reduced** [1] - 27:4
**refer** [1] - 2:17
**reference** [2] - 10:19, 23:15
**references** [1] - 8:20
**reflect** [1] - 20:18
**reflected** [1] - 18:20
**regarding** [1] - 6:8
**reimbursed** [1] - 20:14
**relate** [1] - 9:5
**related** [4] - 6:9, 19:8, 20:3, 27:7
**relative** [1] - 27:8
**release** [9] - 3:2, 3:20, 11:17, 22:15, 22:16, 22:17, 22:20, 23:8, 24:13
**released** [2] - 4:15, 22:20
**religion** [1] - 15:4
**rely** [3] - 8:17, 8:22, 21:5
**remain** [2] - 5:5, 24:23
**remanded** [1] - 25:8
**remember** [5] - 3:7, 4:12, 7:21, 14:12, 20:16
**rendered** [1] - 10:1
**repeatedly** [1] - 13:25
**repeating** [1] - 16:17
**report** [22] - 3:16, 3:20, 4:15, 4:19, 5:1, 5:7, 5:13, 5:21, 5:24, 6:2, 6:4, 6:5, 7:22, 8:1, 8:6, 9:23, 16:13, 19:3, 19:9, 19:12, 22:18, 23:11
**reported** [5] - 1:20, 20:3, 20:5, 27:3
**Reporter** [2] - 1:20, 27:2
**reports** [1] - 19:11
**represent** [1] - 25:20
**represented** [1] - 2:5
**request** [1] - 24:16
**requested** [1] - 3:5
**requesting** [1] - 11:21
**require** [1] - 8:12
**required** [1] - 17:17

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 32 of 34

**requirement** [1] - 25:2
**residence** [1] - 24:22
**Residential** [1] - 22:13
**resources** [1] - 24:8
**respect** [3] - 8:23, 8:24, 20:18
**responsibility** [1] - 15:1
**Responsibility** [1] - 24:5
**rest** [2] - 17:20, 23:5
**restitution** [6] - 3:5, 11:19, 20:9, 23:17, 23:24, 24:19
**review** [1] - 5:6
**reviewed** [1] - 4:5
**reviewing** [1] - 5:24
**revised** [1] - 3:17
**rights** [1] - 25:11
**rises** [1] - 10:13
**risk** [3] - 16:10, 21:19, 21:22
**RMR** [2] - 1:23, 27:13
**road** [1] - 21:21
**robbery** [1] - 15:21
**room** [1] - 18:16
**Room** [1] - 1:12
**RPR** [2] - 1:23, 27:13
**rules** [1] - 15:19
**RUSSELL** [1] - 1:10

## S

**S.E** [4] - 1:10, 1:19, 1:24, 27:14
**safety** [1] - 12:24
**sample** [1] - 23:3
**Sandridge** [10] - 9:25, 10:2, 13:16, 13:17, 15:1, 17:23, 18:8, 18:10, 23:19, 23:24
**Sandridge's** [1] - 6:14
**Sara** [1] - 16:8
**schedule** [1] - 24:17
**scheduling** [1] - 3:19
**Schumaker** [4] - 2:6, 4:19, 25:5, 26:8
**Schumaker's** [1] - 10:17
**score** [1] - 12:20
**scored** [6] - 4:18, 5:17, 6:8, 11:13, 15:18, 15:25
**scoring** [3] - 5:10, 6:5, 21:9
**scrapes** [1] - 18:12
**second** [3] - 15:20, 15:21, 23:25
**Section** [2] - 17:19, 25:7
**section** [3] - 5:15, 13:7, 23:10
**Security** [1] - 20:4
**security** [1] - 22:10
**see** [4] - 2:15, 4:3, 7:24, 18:6
**seek** [2] - 5:16, 17:1
**seemingly** [1] - 10:1
**select** [1] - 20:17
**selected** [3] - 3:9, 11:2, 18:21

**self** [1] - 19:12
**self-report** [1] - 19:12
**semiconscious** [3] - 10:2, 11:9, 18:5
**sent** [2] - 6:1, 24:9
**sentence** [17] - 5:11, 10:19, 11:15, 13:11, 14:14, 14:16, 14:19, 17:1, 17:9, 17:13, 20:25, 21:1, 21:10, 21:11, 21:22, 22:2, 25:17
**sentenced** [1] - 3:12
**SENTENCING** [1] - 1:17
**sentencing** [6] - 2:4, 3:21, 5:15, 9:20, 12:13, 22:4
**separate** [1] - 17:24
**series** [1] - 14:6
**serious** [9] - 9:22, 10:10, 10:14, 10:21, 15:17, 19:1, 21:11, 21:13, 21:19
**seriousness** [2] - 20:18, 21:24
**serve** [1] - 17:9
**services** [1] - 25:19
**set** [3] - 22:21, 23:9, 27:10
**Seventh** [4] - 1:10, 1:19, 1:24, 27:14
**sexual** [1] - 19:12
**shall** [1] - 23:21
**sheer** [1] - 13:2
**Shield** [2] - 23:21, 24:2
**shocking** [1] - 18:2
**Shorthand** [2] - 1:20, 27:2
**shorthand** [2] - 1:20, 27:4
**shoulder** [1] - 8:13
**showing** [1] - 15:8
**shown** [3] - 12:21, 12:23, 16:10
**significant** [1] - 3:20
**similar** [2] - 21:2, 21:3
**skills** [1] - 20:14
**slight** [1] - 5:3
**Social** [1] - 20:3
**someone** [1] - 18:4
**sorry** [1] - 10:22
**sort** [1] - 19:25
**special** [10] - 3:5, 7:10, 7:15, 11:20, 20:14, 23:9, 23:10, 23:14, 25:3, 25:4
**specific** [1] - 7:9
**sprain** [1] - 18:14
**stable** [1] - 20:2
**stand** [1] - 13:7
**standard** [1] - 22:21
**start** [2] - 4:25, 15:20
**starting** [1] - 23:12
**State** [1] - 27:2
**state** [6] - 2:7, 15:2, 20:13, 21:4, 22:23, 23:6
**statements** [2] - 18:20, 25:25
**STATES** [2] - 1:1, 1:3

**States** [15] - 1:13, 1:23, 2:3, 2:5, 2:9, 10:4, 10:8, 17:19, 23:22, 24:15, 24:20, 25:7, 25:9, 25:13, 27:13
**statutory** [3] - 3:8, 17:2, 22:4
**still** [5] - 6:20, 7:5, 7:12, 13:15, 24:12
**stomping** [2] - 18:4, 18:8
**Street** [2] - 1:12, 1:15
**subject** [1] - 19:10
**substance** [2] - 22:14, 22:25
**substances** [1] - 19:8
**suffered** [2] - 10:24, 19:23
**sufficient** [2] - 13:13, 22:2
**suggest** [2] - 11:15, 19:14
**Suite** [1] - 1:15
**Sumner** [1] - 10:7
**supervised** [5] - 3:2, 11:16, 22:16, 22:20, 23:8
**supervision** [6] - 7:10, 22:21, 23:10, 24:15, 24:18, 27:5
**support** [2] - 6:24, 8:18
**swastika** [1] - 18:18
**swelling** [1] - 18:12
**sworn** [1] - 21:20

## T

**talk** [3] - 7:11, 8:5, 25:10
**talked** [1] - 26:14
**tattoo** [1] - 18:18
**teenager** [1] - 22:1
**ten** [1] - 20:6
**term** [3] - 3:1, 3:2, 22:16
**terms** [1] - 12:10
**THE** [49] - 1:1, 1:1, 1:18, 2:2, 2:12, 2:24, 2:25, 3:10, 3:11, 3:14, 3:15, 4:7, 4:9, 4:23, 5:9, 5:18, 5:23, 6:11, 6:19, 6:22, 7:2, 7:8, 7:16, 7:20, 7:23, 7:24, 8:3, 8:4, 8:7, 8:8, 9:9, 9:13, 9:18, 10:15, 12:6, 13:5, 14:21, 14:24, 15:5, 17:6, 17:11, 17:14, 17:15, 26:1, 26:7, 26:11, 26:13, 26:15, 26:16
**themselves** [1] - 13:1
**they've** [1] - 4:2
**Thompson** [1] - 10:4
**threat** [1] - 14:10
**throughout** [1] - 17:5
**today** [4] - 3:21, 4:14, 21:1, 26:14
**Tony** [1] - 2:8
**top** [1] - 17:1
**total** [3] - 11:11, 20:10, 22:16
**totally** [1] - 11:5
**tough** [1] - 19:15
**towards** [1] - 14:11
**training** [1] - 20:23

**traits** [1] - 19:21
**transcript** [2] - 8:21, 27:5
**Transcript** [2] - 1:21, 1:21
**transcription** [1] - 27:5
**treated** [2] - 14:4, 18:16
**Treatment** [1] - 22:13
**treatment** [4] - 16:15, 19:11, 20:24, 22:14
**trespass** [1] - 16:7
**trial** [10] - 3:9, 4:12, 6:23, 8:17, 8:18, 8:21, 8:24, 10:25, 17:22
**true** [2] - 19:25, 27:5
**tune** [1] - 10:25
**two** [3] - 10:1, 17:24, 22:7
**type** [2] - 16:7, 21:25
**types** [1] - 16:18

## U

**U.S** [2] - 1:10, 1:12
**ultimate** [2] - 9:15, 17:13
**unanimous** [1] - 2:21
**unchanged** [1] - 5:5
**under** [13] - 5:14, 6:24, 8:8, 10:8, 11:22, 11:23, 12:7, 12:10, 15:8, 15:18, 16:17, 17:18, 27:5
**underrepresentation** [1] - 12:4
**underrepresented** [1] - 12:20
**understood** [2] - 7:8, 26:13
**UNITED** [2] - 1:1, 1:3
**United** [15] - 1:13, 1:23, 2:2, 2:4, 2:9, 10:4, 10:8, 17:19, 23:22, 24:15, 24:20, 25:7, 25:8, 25:13, 27:13
**unless** [1] - 14:23
**unpaid** [1] - 24:24
**unscored** [2] - 12:16, 15:18
**unsolicited** [2] - 3:25, 13:22
**unwarranted** [1] - 21:1
**up** [4] - 16:11, 18:15, 20:10, 25:16
**upward** [7] - 8:10, 11:22, 12:2, 13:4, 13:9, 15:8, 16:19
**urge** [1] - 12:9
**urges** [1] - 13:3
**urging** [1] - 12:2
**use** [4] - 14:3, 14:4, 19:6, 19:24
**user** [2] - 19:5, 19:7
**using** [1] - 1:20

## V

**various** [1] - 18:19
**verbal** [1] - 19:12
**verdict** [3] - 6:17, 9:2, 18:20

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:15-cr-01032-CJW-MAR    Document 162    Filed 11/23/16    Page 33 of 34

verifiable [1] - 20:8
versus [2] - 2:3, 10:4
VI [8] - 11:12, 11:14, 12:16, 13:11, 14:18, 15:11, 15:14, 16:20
vicious [1] - 17:3
victim [20] - 6:9, 9:1, 9:2, 10:24, 11:2, 11:7, 11:9, 14:19, 16:1, 16:2, 16:4, 16:8, 18:6, 18:21, 20:12, 23:19, 24:12, 25:23
Victim [2] - 23:20, 24:1
victim's [1] - 8:22
victim-related [1] - 6:9
video [3] - 18:1, 18:2, 18:6
view [1] - 4:16
violence [2] - 12:1, 21:17
violent [4] - 12:21, 16:18, 17:3, 17:4
violently [1] - 12:25
visual [1] - 19:23
vocational [1] - 20:23
VS [1] - 1:5
vulnerable [2] - 11:7, 16:16

**W**

waive [1] - 25:2
want [5] - 4:3, 9:14, 14:23, 17:7, 17:12
wanted [2] - 7:17, 8:5
warrant [1] - 13:9
Washington [1] - 1:12
watch [2] - 18:1, 18:6
watching [1] - 18:2
weapon [1] - 23:2
Weyker [1] - 2:4
WEYKER [1] - 1:6
wheel [1] - 21:18
WHEREOF [1] - 27:10
willing [1] - 13:1
Winders [1] - 16:1
Wisconsin [1] - 26:6
wish [2] - 3:24, 16:22
withdrawn [1] - 23:13
withdrew [1] - 7:14
WITNESS [1] - 27:10
woke [1] - 18:15
woman [1] - 21:14
women [3] - 13:20, 14:7, 16:15
written [2] - 25:12, 25:15
wrongful [1] - 13:18

**Y**

years [10] - 3:1, 3:2, 3:3, 11:16, 13:12, 17:2, 20:4, 20:6, 22:4, 22:17
yourself [1] - 21:15

*Contact Patrice Murray at 319-286-2338 or patrice_murray@iand.uscourts.gov to purchase a complete copy of the transcript.*